UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| StarOne Intellectual Property Group Ltd., *Plaintiff*, v. Cardinal Health, Inc., *Defendant*. | Case No. 1:24-cv-296 <br><br> **JURY TRIAL DEMANDED** |

Plaintiff StarOne Intellectual Property Group Ltd. ("StarOne") hereby alleges against defendant Cardinal Health, Inc. ("Cardinal"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. §§ 100, *et seq*.

2. This action arises from Cardinal's import, use, offer for sale, and/or sale in the United States of products – including the "BiopSafe" biopsy sample system – that infringe claims of StarOne's patent.

## PARTIES

3. StarOne Intellectual Property Group Ltd. is a Canadian corporation having a place of business in Whitehorse, Canada.

4. Cardinal Health, Inc. is an Ohio corporation that, upon information and belief, has a principal place of business in Dublin, Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Cardinal because, upon information and belief, Cardinal has availed itself of the rights and benefits of the laws of Ohio, has derived substantial revenue from the sales of its products in Ohio, has systematic and continuous business contacts with Ohio, and/or has a principal place of business in this District and has committed at least some of the infringing acts alleged herein in Ohio.

7. Venue is proper in this action pursuant to 28 U.S.C. §§ 1391, 1400(b) at least because Cardinal resides in this District and/or has committed acts of infringement in this District and has a regular and established place of business in this District.

## THE PATENT-IN-SUIT

8. U.S. Patent No. 7,475,774 (the "'774 Patent;" copy attached as Exhibit A), entitled "Dispensing Closure," was duly issued on January 13, 2009, and remains unexpired.

9. StarOne is the sole owner by assignment of all right, title, and interest in and to the '774 Patent, including all right to recover for any and all infringement of the '774 Patent.

## THE ACCUSED PRODUCTS

10. Cardinal imports, uses, offers for sale, and/or sells products in the United States that infringe the '774 Patent.

11. For example, as shown below, Cardinal imports, uses, offers for sale, and/or sells products in the "BiopSafe" product line (including "BiopSafe® Formalin Safety Container 20ml," model/product no. 3178-20000, and "BiopSafe® Formalin Safety Container 60ml," model/product no. 3178-200003178-60000 as shown below) (collectively, the "Accused Products").[1]

---

[1] *See* https://www.cardinalhealth.com/en/product-solutions/medical/laboratory-products/anatomic-pathology/histology-reagents/biopsafe--biopsy-sample-system.html (last accessed May 21, 2024).



### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,475,774

12. StarOne repeats and realleges all previous paragraphs as if fully incorporated herein.

13. Cardinal infringes one or more claims of the '774 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents, by using, selling, offering for sale, or importing into the U.S. the Accused Products.

14. The Accused Products embody each element of at least one of the claims of the '774 Patent, including claim 1.

15. By using, selling, offering for sale, and/or importing the Accused Products (which meet all the limitations of at least claim 1 of the '774 Patent), Cardinal infringes the '774 Patent, in violation of 35 U.S.C. § 271(a).

16. For example, each of the Accused Products is (or includes) a dispensing closure for dispensing at least one product into a container having a neck portion with which said closure is to engage, including as shown below (image showing dispensing closure of the Accused Products):

3



17. Each of the Accused Products includes a body having an outer wall portion adapted to engage an outer surface of the container neck to releasably secure said closure to the container, including as shown below (image showing body of the Accused Products having an outer wall portion adapted to engage an outer surface of the container neck):



18. Each of the Accused Products includes a compartment to contain at least one product to be dispensed, said compartment being adapted to fit at least partly within the container neck and being defined by a substantially cylindrical side wall, a top wall fixed to said side wall,

and a frangible bottom wall, including as shown below (image showing compartment of the Accused Products):



19. Each of the Accused Products further includes a cutting means moveable relative to said side wall and said frangible bottom wall to break open said frangible bottom wall of said compartment to selectively dispense contents of said compartment into the container, including as shown below (cross-section image showing a cutting means of the Accused Products and image of the Accused products showing contents of the compartment being selectively dispensed into the container):

 

5

20. Each of the Accused Products further includes a shoulder for restricting inadvertent relative movement of said cutting means, said closure and product to be dispensed being assembled together prior to application of the closure to the container neck, including as shown below (cross-section image showing a shoulder of the Accused Products):



21. This description is based on publicly available information and a reasonable investigation of the structure and operation of the Accused Products. StarOne reserves the right to modify this description, including, for example, on the basis of information about the Accused Products obtained during discovery.

22. Cardinal also indirectly infringes the '774 Patent within the United States by inducement under 35 U.S.C. § 271(b).

23. Since learning of the '774 Patent, at least by the filing of this Complaint, and by failing to cease offering the Accused Products, Cardinal has knowingly and intentionally induced, and continues to knowingly and intentionally to induce, others in this judicial district and throughout the U.S., including but not limited to Cardinal's customers and/or ultimate end users,

to directly infringe one or more claims of the '774 Patent such as claim 1.

24. Cardinal does so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Products in an infringing manner (including, for example, via promotional materials and videos such as those provided on Cardinal's websites[2]); and (2) touting these infringing uses of the Accused Products in Cardinal's advertisements and other public content.

25. Upon information and belief, Cardinal also indirectly infringes the '774 Patent by contributing to the direct infringement of Cardinal's customers and/or ultimate end users under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the Accused Products, or a material or apparatus for use in practicing a process claimed in the '774 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '774 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

26. Cardinal's infringement has damaged and continues to damage StarOne in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that StarOne would have made but for Cardinal's acts of infringement.

27. StarOne has been and continues to be injured by Cardinal's infringement of the '774 Patent.

28. StarOne has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. StarOne is entitled to recover damages to compensate it for Cardinal's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

29. StarOne has been damaged by Cardinal's infringement of the '774 Patent and will

---

[2] E.g., at https://www.cardinalhealth.com/en/product-solutions/medical/laboratory-products/anatomic-pathology/histology-reagents/biopsafe--biopsy-sample-system.html (last accessed May 21, 2024).

suffer additional irreparable damage and impairment of the value of its patent rights unless Cardinal is enjoined from continuing to infringe.

30. Cardinal's infringement has been and continues to be deliberate, willful, intentional, egregious, and with knowledge of the '774 Patent, at least as of the filing of this Complaint, such that StarOne is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## JURY DEMAND

StarOne requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

StarOne respectfully requests that this Court find in its favor against Cardinal and that the Court:

A. Grant judgment in favor of StarOne and against Cardinal on all of StarOne's claims, including adjudging that Cardinal has infringed, actively induced infringement of, and contributorily infringed the '774 Patent, in violation of 35 U.S.C. § 271;

B. Grant an injunction temporarily, preliminarily, and permanently enjoining Cardinal, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from:

  i. Infringing, contributing to the infringement of, or inducing infringement of the '774 Patent;

  ii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities; and

  iii. making, using, selling, or offering for sale in the United States, or importing

into the United States, products or services that infringe the '774 Patent;

C. Order Cardinal to account and pay damages adequate to compensate StarOne for Cardinal's infringement of the '774 Patent, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. Increase the amount of damages and/or profits awarded to StarOne, as provided by law, including but not limited to ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

E. Increase the damages awarded to StarOne up to three times the amount found to be its actual damages, as authorized by 35 U.S.C. § 284;

F. Award StarOne the fees, costs, and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

G. Declare this case exceptional and award StarOne its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

H. Awarding such other and further relief as this Court deems just and proper.

BOCHNER PLLC

Dated: May 22, 2024

*/s/ Meredith R. Lloyd*
Meredith R. Lloyd (SBN 102173)
Andrew D. Bochner (*pro hac vice* to be filed)
Ariel Reinitz (*pro hac vice* to be filed)
Bochner PLLC
1040 Ave. of the Americas
15th Floor
New York, NY 10018
(646) 971-0685

meredith@bochner.law
andrew@bochner.law
ariel@bochner.law

*Attorneys for Plaintiff StarOne*